IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV40-MU-02

TAURICE M. CRISP,                )
    Petitioner,          )
                                 )
    v.                   )          ORDER
                                 )
REGGIE WEISNER, Supt., Alex-     )
  ander Correctional Institu-    )
  tion,                          )
    Respondent.          )
_____)

**THIS MATTER** comes before the Court on an initial review of the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed April 5, 2007. For the reasons set forth herein, the instant Petition will be summarily dismissed.

As best the Court can decipher, the instant Petition seeks to address three disciplinary convictions and a 60-day sentence of "close custody" which the petitioner reportedly received on March 9, 2007. That is, this Petition reports that on March 9, 2007, the petitioner pled guilty and was convicted of the disciplinary charges of being disrespectful (infraction # C-02) and engaging in a sexual act (infraction # B-06). Further, although the petitioner reportedly pled not guilty to a charge of misusing the mail (infraction # C-11), a hearing officer convict-ed him of that charge as well. As a consequence of his

convictions, the petitioner reportedly received a 60-day sentence of confinement in "close custody." Notably, however, the petitioner does <u>not</u> allege that he lost "good-time" credits, or that his term of confinement was lengthened or otherwise affected by his disciplinary convictions.

Rather, by his first claim, the petitioner alleges that one or more of his convictions "violates [his] right to freedom of speech, coercement [sic] into guilty plea." By his second claim, the petitioner alleges that an inmate "can't misuse mail if it addresses a reasonable issue [and] besides the C-11 were [sic] derived from the C-02 which was a violation of inmate's rights. The petitioner's third claim alleges "a guilty plea by an inmate automatically gains him a lighter sentence in D.O.C. policy [and] state law." By his final claim, the petitioner reports that "due to current infractions [he] was detained in close custody. How-ver, [he] ha[s] no detainers [and] points [and] sentence. Active status would deem appropriate medium custody."

Notwithstanding the fact that he is seeking <u>habeas corpus</u> relief, the petitioner has asked the Court both for "medium or minimum custody" status <u>and</u> for "50 dollars a day in punitive segregation [and] 1 dollar nominal damages." Interestingly, the petitioner has not asked for a reversal of his disciplinary con-ictions. Suffice it to say, in any case, the petitioner cannot prevail in this action.

First, there simply is no provision by which the Court can

award monetary damages, nominal or otherwise, under §2254. Rather, if damages could be awarded for claims which challenge prison disciplinary convictions, such claims would have to be properly raised in a proceeding under 42 U.S.C. §1983.

Second, the petitioner has failed to demonstrate that he has fully exhausted his claims as would be required under habeas corpus law. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (noting full exhaustion requirement for habeas claims). That is, in response to the questions concerning exhaustion as set forth on the petitioner's habeas corpus form, he simply reported that he had appealed his convictions to the Director of Prisons. However, the petitioner does not report that he proceeded through the three-step grievance process which is available in the N.C. Department of Corrections.

Finally, and most critically, the petitioner has not alleged that he has suffered any collateral consequences as a result of his disciplinary convictions. Ultimately, therefore, this Court lacks the jurisdiction even to entertain the instant Petition. Preiser, 411 U.S. at 489-90 (requiring collateral consequences, such as lengthening of custody, in order to state a colorable claim under habeas corpus provisions). Accordingly, the instant Petition will be summarily dismissed.

**SO ORDERED.**

Signed: April 9, 2007

Graham C. Mullen
United States District Judge